No. 12763

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

_____

MICHAEL MELVIN WITSOE,

Petitioner,

-vs-

THE HONORABLE ROBERT J. NELSON et al.,

Respondent.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

E. F. Gianotti argued, Great Falls, Montana

For Respondent:

Honorable Robert L. Woodahl, Attorney General, Helena, Montana

J. Fred Bourdeau, County Attorney, Great Falls, Montana

Norman L. Newhall III argued, Great Falls, Montana

_____

Submitted: June 14, 1974

Decided: JUL 3 1 1974

Filed: JUL 3 1 1974

_Thomas J. Kearney_
Clerk

PER CURIAM:

This is a petition for writ of certiorari seeking a review by this Court of the action of the Honorable R. J. Nelson, Judge of the Eighth Judicial District in Cascade County. The petitioner alleges that the trial judge erroneously ordered him to furnish names of alibi witnesses to the county attorney under circumstances wherein the petitioner was seeking to move the discretion of the trial judge for "good cause shown" to permit the defense of alibi under section 95-1803(d), R.C.M. 1947.

Petitioner had been charged in justice court on October 5, 1973, with sale of dangerous drugs. An information in three counts was filed; and on October 25, 1973, petitioner plead "not guilty". He also made a motion to dismiss count III on grounds that it did not specify time and place as definitely as it should be done. The motion was denied with the judge observing:

> "THE COURT: The name of the Informants is denied.
> If they can fix the date more accurately than the
> 20th day of September through the 4th day of
> October they will be required to do so. Or if
> there is more than one sale, all right; but it
> will not be dismissed because they could just
> file it all over again. Good cause shown here
> that statutory rights of his have not been prej-
> udiced at this time. If they can fix it more
> certainly for you they will do so. I am denying
> your motion on the name. The informant is denied."

Again, on April 17, 1974, Judge Nelson heard further arguments. In that exchange, the transcript reveals that the state, on trial, will be relying on the defendant's own statements to some extent and on the statement or testimony of the person to whom the sale was made. At this stage, and with what little information we have it is difficult to understand what alibi defense is sought to be interposed. We are being asked to review the record. The record does not reveal any error at this time. It may well develop during trial that the state's case

will develop a fact situation to which the defense of alibi may be pertinent or material. At that time, for good cause shown, the defendant may need some kind of relief but at this time we see no need to review the trial court's action.

Accordingly, the petition for writ of review is denied, without prejudice.


Honorable Thomas Dignan, District Judge, sat in place of Chief Justice James T. Harrison.